**ORIENTAL RUG IMPORTERS, LTD., Plaintiff-Appellant,**

v.

**EMPLOYMENT AND TRAINING ADMINISTRATION, U.S. Department of Labor and Jack R. Goodwin, Defendants-Appellees.**

No. 82–3193.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1982.

Decided Dec. 29, 1982.

48

Lester S. Potash, Cleveland, Ohio, for plaintiff-appellant.

Carolyn A.W. Allen, Asst. U.S. Atty., Cleveland, Ohio, for defendants-appellees.

Before LIVELY, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

The plaintiff appeals from an order of the district court granting summary judgment in favor of the United States Department of Labor. The matter was before the court on a petition to review the final decision of the Department of Labor denying the plaintiff an alien labor certification pursuant to § 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(14). The district court concluded that the decision of the Department of Labor denying certification was not arbitrary, capricious or an abuse of discretion and that it was not otherwise unlawful.

The plaintiff contends that the failure of the Department of Labor to grant an administrative hearing on its application for certification was arbitrary and capricious in that the agency charged with making the determination, the Employment and Training Administration, exercised no discretion in the matter, but denied a hearing as a matter of policy. It is the position of the Department of Labor that the plaintiff failed to carry its burden of proof as required by valid regulations of the Department of Labor and that the district court properly granted summary judgment.

The plaintiff, an importer and vendor of quality oriental rugs, sought an experienced buyer. In 1980 the plaintiff concluded that an employee of one of its suppliers in Johannesburg, South Africa was qualified for the position. Because the person so identified by the plaintiff is an alien, it was necessary to obtain certification from the Secretary of Labor pursuant to the Immigration and Nationality Act before employing this person. Section 212(a)(14) of the Act, 8 U.S.C. § 1182(a)(14), conditions certification upon a showing by an applicant that there are not enough workers in the United States who are able, willing and qualified and available to perform the work and that the employment of aliens will not adversely affect the wages and working conditions of persons similarly employed in the United States. The procedures for obtaining certification are set forth in regulations adopted by the Secretary of Labor. See 20 C.F.R. § 656, subpart G. These regulations require the prospective employer to include a description of the skills required and for the employer and the Department of Labor to attempt jointly to recruit resident workers for the job. If these efforts are unsuccessful a certifying officer receives the application and decides whether or not to grant certification. One of the factors to be considered by the certifying officer is whether the skills listed by the employer are unduly restrictive, and in reaching this conclusion a certifying officer refers to a Dictionary of Occupational Titles which describes the "specific vocational preparation" needed for various occupations. If the applicant prescribes qualifications which are more restrictive than those listed in the Dictionary of Occupational Titles for the occupation in question, the burden is on the employer to prove the business necessity for more rigorous requirements by adequate documentation.

In the present case the plaintiff originally listed requirements of 30 years experience and training together with proficiency in French and German and possession of nec-

essary tools for reweaving rugs as the requirements for the position. When the certifying officer rejected this application on the ground that it appeared to be tailor made to the qualifications of the prospect whom the applicant had in mind, the plaintiff amended the requirements to ten years training and experience along with possession of the necessary tools. With these more lenient requirements, however, the plaintiff did not find a qualified resident buyer of oriental rugs during the prescribed period of search. The certifying officer referred to the category "Buyer" in the Dictionary of Occupational Titles and noted that the specific vocational preparation for a buyer lists preparation of only two years. The certifying officer then notified the plaintiff that he intended to deny certification and gave plaintiff an opportunity to document the business necessity for the more rigorous requirements claimed by it. Plaintiff submitted a letter from its president setting forth with more specificity the experience and skills required of a buyer of rugs of the type which it handled, but the certifying officer denied the application.

Thereafter, pursuant to the regulations plaintiff sought review of the decision of the certifying officer before an administrative law judge. The plaintiff attempted to supplement the record with a letter from another dealer in quality oriental rugs which supported the plaintiff's earlier letter. The administrative law judge filed a decision and order affirming the denial of certification, and the plaintiff appealed to the district court. The administrative law judge found that the requirement of ten years training and experience "was not shown to be a business necessity as opposed to mere preference on the part of the Employer." The administrative law judge further found that the ten-year requirement was excessive and therefore unduly restrictive and that plaintiff had failed to provide adequate documentation that such experience was essential for performance of the duties of the position. The plaintiff's request for a hearing was denied on the ground that it had had ample opportunity to substantiate the requirements and had failed to do so.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal this court concludes that the district court correctly entered summary judgment in favor of the defendant. The decision appealed to the district court was based on a finding that the plaintiff had failed to carry its burden of proving that the particular position which it was seeking to fill had necessary business requirements which were greater than those set forth in the Dictionary of Occupational Titles. The administrative law judge did not hold that the specific vocational preparation required for the position of buyer of quality oriental rugs is invariably two years, as the plaintiff seems to argue. Rather, the administrative law judge applied the regulations of the Department of Labor and concluded that the plaintiff had failed to present documentary evidence which established that the requirements for the particular position which it sought to fill were in fact, because of business necessity, more restrictive than those listed in the Dictionary of Occupational Titles. We conclude that the decision was not arbitrary or capricious and that it was based on a proper application of existing regulations.

The judgment of the district court is affirmed.