**POSADAS de PUERTO RICO ASSOCIATES, INC., a/k/a Condado Plaza Holiday Inn, Inc. and Suzanne Goulet, Plaintiffs,**

v.

**The SECRETARY OF LABOR OF the UNITED STATES, and Bette F. Roy, Regional Certifying Officer, United States Department of Labor, Employment and Training Division, Defendants.**

Civ. No. 86–0201 (JP).

United States District Court,
D. Puerto Rico.

Oct. 7, 1988.

Asst. U.S. Atty., Wanda Rubianes Collazo, Hato Rey, P.R., for plaintiffs.

Patrick D. O'Neill, Martínez, Odell, Calabria & Sierra, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

Plaintiffs, Posadas de Puerto Rico, Inc., the operator of a deluxe hotel and casino in the Condado section of San Juan, and Suzanne Goulet, a Canadian citizen whom the hotel wishes to permanently employ as a choreographer, appeal to this Court from the decision of a U.S. Department of Labor Administrative Law Judge (ALJ) denying then an Alien Labor Certification, a prerequisite to an immigrant visa. The matter is now before the Court on the parties' cross-motions for summary judgment pursuant to Rule 56, Fed.R.Civ.P.

## I. BACKGROUND

On July 18, 1984, the hotel filed an application for Alien Employment Certification with the Employment and Training Administration of the U.S. Department of Labor, pursuant to 8 U.S.C. § 1182(a)(14) and 20 C.F.R. § 656.21, requesting the certification as required for it to permanently employ Ms. Suzanne Goulet as its choreographer and for Goulet to apply for an immigrant visa pursuant to 8 U.S.C. § 1153(a)(3) (commonly known as Third or Sixth preference).

The hotel described the job in the application as:

Choreographer. Create and teach original dances for ballet, musical and revue to be performed for stage, television, motion picture or nightclub production. Compose dance designed to suggest story, interpret emotion or enliven show coordinating dance with music. Instruct performers at rehearsals to achieve desired effect. May audition performers for specific parts. May direct and stage presentation.

The job was stated as requiring a B.A. degree, one year of training in "dance/choreography," and five years' experience. Further, the following "special requirements" were listed:

a) Ability to create one new show every two months;

b) Knowledge of Spanish, English, and French;

c) Ability to supervise, direct and coordinate the work of dancers and/or musicians; and

d) Knowledge of and ability to supervise or direct jazz ballet and/or stage dance for show.

The hotel complied with the requirements that the job announcement be posted and published, 20 C.F.R. § 656.21(b)(3) and (g), and had four U.S. applicants referred to it by the Puerto Rico Employment Service pursuant to 20 C.F.R. § 656.21(f). All four of the referred applicants were rejected. None apparently satisfied the language requirement, and the hotel was not satified with their ability to handle the size of show expected. The largest show budget any of the applicants had worked with was $10,000, while the hotel's shows have budgets of over $10,000. Two had not worked with more than ten professional dancers, and one had "absolutely undesirable" personal appearance and behavior.

On March 12, 1985, the Department of Labor's Certifying Officer, defendant Roy, issued a notice of findings which proposed

to deny the certification on two grounds. She stated first that the "job opportunity contains a foreign language [French] requirement which has not been supported by evidence of business necessity as required by [20 C.F.R.] Section 656.21(b)(2)," and second "that (4) U.S. workers were rejected for reasons that were not lawful (sic) job-related." The hotel was given the opportunity to rebut these findings by submitting further evidence or argument, and it did so in response to both proposed reasons for denial.

On May 30, 1985, the Certifying Officer denied the certification for the same reasons, although this time she accepted the hotel's reasons for not hiring three of the four U.S. applicants. As to the fourth, she stated

> We note that she has a B.A. in theatre while alien's degree is in "health sciences." Her past experience does not indicate she worked in "lounge acts" as stated by employer. She has listed performance and production experience and training since 1976. Employer states that she has not been part of or produced any part of what is commonly understood as a French style night club revue or production. This does not appear on the application form or newspaper ads or posting and therefore is not a lawful job-related reasons for rejection.

Plaintiffs appealed to the ALJ on July 2, 1985, and on September 25, 1985, the ALJ affirmed the certifying officer's decision on both grounds. From this decision the plaintiffs seek review in this Court.

## II. DISCUSSION

Section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(14), provides that certain aliens seeking to enter the United States in order to engage in permanent employment must first obtain from the Secretary of Labor a certification that:

> (A) There are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to

the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and

> (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.

§ 1182(a)(14).

Pursuant to this section, the Secretary of Labor has promulgated regulations regarding such certifications, 20 C.F.R. § 656, which require a demonstration on the part of the employer that it has attempted and failed to recruit qualified domestic workers. In this process, unduly restrictive job requirements are prohibited because of the possibility of the employer's evading the congressionally mandated preference for U.S. workers by tailoring the job requirements to the alien's qualifications. *See Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 847 (D.C.Cir.1976). Specifically, the regulations provide:

> The employer shall document that the job opportunity has been and is being described without unduly restrictive job requirements:
>
> The job opportunity's requirements, *unless adequately documented as arising from business necessity:*
>
> (A) Shall be those normally required for the job in the United States;
>
> (B) Shall be those defined for the job in the *Dictionary of Occupational Titles (D.O.T.)* including those for subclasses of jobs;
>
> (C) *Shall not include requirements for a language other than English.*[1]

20 C.F.R. § 656.21(b)(2)(i) (emphasis added). Other restrictive job requirements, all, like language requirements, formerly used to circumvent Congress' intent, are also specifically prohibited unless justified: Combinations of duties (e.g. engineer-pilot), 20 C.F.R. § 656.21(b)(2)(ii); live-in requirements, (b)(2)(iii); and employer preferences, (b)(2)(iv).

The regulations also set out detailed and complicated steps to ensure that a fair opportunity is given to U.S. workers to apply

---

1. The location of the job being in Puerto Rico, where Spanish is the dominant language, the hotel's Spanish language requirement was found by the certifying officer and the ALJ to be a business necessity. Only the French requirement is at issue here.

for the position. *See* § 656.21(b)(1) (pre-application advertising); (b)(4) (verification that efforts are unsuccessful); (b)(5) (recruitment through unions); (b)(7) (verification that all applicants were rejected for lawful job-related reasons); (f)(1) (recruitment by local job service office); (g) (advertising in periodicals, with specific requirements); (j)(1) (written reports of post-application recruitments efforts). Applications may be denied if any of the requirements are not met. Our review of denials, pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), is limited to determining whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Acupuncture Center of Washington v. Dunlop*, 543 F.2d 852, 859 (D.C.Cir.), *cert. denied*, 429 U.S. 818, 97 S.Ct. 62, 50 L.Ed.2d 78 (1976).

### A. *French Language Requirement*

▎ The first question, then, is whether the ALJ's finding that the French language requirement was not "documented as arising from business necessity" was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The plaintiffs in this case attempt to justify the French language requirement on the basis that—

> Due to the fact that the lead dancers and specialty acts, in many cases, are from Europe (Paris, Rome, etc.) it is important, for communications reasons, for the individual to speak French. (Letter of Dec. 28, 1984).

and further

> We respectfully submit that the choreographer sought here is required to travel to Paris and Las Vegas from time to time to procure special acts and ideas for a French revue or production sponsored by the employer. These extraordinary performers do not speak English—especially the ones recruited in Paris. Ms. Goulet is fluent in French. The language is needed to discuss contract negotiations, rehearsals and maintain harmonious relations during the production of a French revue. (Letter of April 16, 1985).

Plaintiffs contend, first, that the ALJ and Certifying Officer failed to consider all the relevant factors, constituting an abuse of discretion. While failure to consider relevant factors can indeed be an abuse of discretion, *see Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971), the defendants here *did* consider the aforestated arguments, the only "evidence" presented by the plaintiffs to justify the requirement, and found them insufficient to justify a finding of business necessity to overcome the presumption that the requirement was unduly restrictive.

In her final opinion, the Certifying Officer stated, "Since work is to be performed in Puerto Rico, it appears that the individuals who would be performing the 'French revues' would have to speak Spanish and/or English as the performances would be in Spanish or in English and not French due to audience involved." Earlier, when the opportunity to rebut the findings was presented, the same officer stated:

> 1. Employer has failed to document the percentage of the people he deals with who cannot communicate in English;
>
> 2. Employer has failed to document the percentage of his business that is dependent on the language;
>
> 3. Employer should also indicate how absence of the language would adversely impact business;
>
> 4. Employer should also indicate percentage of time worker would use the language.

No documentation in response to these inquiries was presented.

The ALJ as well considered the employer's arguments:

> Employer has argued that knowledge of French is necessary for the choreographer because many of the dancers and specialty acts hired for its productions are from Europe. Employer has failed to supply any documentation supporting its position. No evidence was submitted indicating that all the European performers speak only French or that negotiations in French are routinely conducted by the choreographer. Employer's mere assertions that its business could not be conducted in either English

or Spanish—a language requirement for which the Certifying Officer found sufficient business necessity—are insufficient to justify the French language requirement and the Certifying Officer's denial of certification on that ground was proper.

There is no doubt that all of the relevant factors were considered at all stages of the administrative proceeding.

The plaintiffs further argue that there is no evidence to support the "finding" that the dancers from Europe can speak English. While this is true as far as it goes, it is also true, as the ALJ noted, that no evidence was submitted that the dancers do not speak English. As the burden of proof is on the employer, 8 U.S.C. § 1361, the ALJ's finding is justified.

Moreover, the plaintiffs have presented almost no evidence of any sort to justify a finding of business necessity. "Business necessity" has been defined as to mean that without the requirement, "the *essence* of the business operation would be undermined." *Diaz v. Pan American World Airways, Inc.*, 442 F.2d 385, 388 (5th Cir. 1971). *See also Dothard v. Rawlinson*, 433 U.S. 321, 335, 97 S.Ct. 2720, 2730, 53 L.Ed.2d 786 (1977). Even under the standard of *Ratnayake v. Mack*, 499 F.2d 1207 (8th Cir.1974) (requirements must be reasonable and tend to contribute to or enhance the efficiency or quality of the business), which was used by the ALJ and is by far the most generous standard for employers, the ALJ was correct to hold the employer's justification insufficient. Under the stricter *Diaz* standard of business necessity, as used by the Certifying Officer and which this Court would uphold (i.e., "those requirements absent which the essence of the business operation will be undermined"), clearly there was no abuse of discretion in finding the language requirement unduly restrictive. *See Oriental Rug Importers, Ltd. v. Employment and Training Admin.*, 696 F.2d 47, 49 (6th Cir.1982).

### B. Lawful Job–Related Reasons for Rejection

Although the finding that the language requirement was unduly restrictive is sufficient to deny the Alien Employment Certification, the Certifying Officer and ALJ further found that one of the applicants was rejected for other than lawful job-related reasons, also a sufficient basis for denial:

> The Certifying Officer also denied certification because Employer failed to document that it had rejected one U.S. applicant ... for lawful job-related reasons, pursuant to the regulations at 20 C.F.R. § 656.21(b)(7). Although [the applicant's] resume indicates nine years of training, performance and production experience, Employer stated in its April 16th rebuttal that it found her unqualified because her experience was only in lounge acts and "she had not been part of or produced any part of what is commonly understood as a French style night club revue or production." The Certifying Officer noted in the denial that the duties of the position were advertised as creating and teaching original dances for ballet, musical or revue to be performed for stage, television or night club production. The position was not advertised as specifically requiring experience in "a French style night club revue or production." Employer has emphasized in its rebuttal that it considers the alien more qualified and experienced for the position than the U.S. applicant. Labor certification for an alien, however, is granted only where no U.S. workers are willing or qualified for the position as it is advertised. Having reviewed the evidence submitted, I find that the Certifying Officer correctly determined that [the applicant] met the minimum requirements for the position as the Employer advertised.

■ The certification process is designed to preserve jobs for qualified U.S. workers, if there are any available. *Production Tool Corp. v. Employment and Training Admin.*, 688 F.2d 1161, 1168 (7th Cir.1982). The issue is whether the U.S. applicants are *qualified for the job*, not whether they are less qualified than the alien. Were the latter the case, the whole process would be meaningless.

Thus, it was not the employer's, the Certifying Officer's, or the ALJ's task to compare the qualifications of the applicants with those of the alien, but to compare the applicants' qualifications with the (permissible) requirements [2] as stated on the job announcements.

██ Because the applicant satisfied all the *permissible* requirements *listed on the job announcements and on the Application for Alien Employment Certification*, it was not an abuse of discretion for the ALJ to find that the applicant was rejected for other than lawful job-related reasons. After the interview with the applicant, the hotel "clarified" (to be generous) its requirements so that the applicant failed to qualify. Because the requirements as clarified and made more restrictive were not originally listed, they cannot be applied *ex post facto*. Therefore, this Court affirms the ALJ's holding that plaintiffs failed to comply with 20 C.F.R. § 656.21(b)(7), and the consequent denial of their Alien Employment Certification.

### III. CONCLUSION

Because this Court finds that the Secretary's denial of the plaintiffs' Application for Alien Employment Certification for its non-compliance with both 20 C.F.R. § 656.21(b)(2)(C) (unduly restrictive language requirement) and § 656.21(b)(7) (rejection of U.S. applicant for other than lawful job-related reasons) was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, the Secretary's decision is AFFIRMED. The defendant's motion for summary judgment is GRANTED; plaintiff's is DENIED.

Pursuant to 28 U.S.C. § 1920, costs are hereby GRANTED to the defendants.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.

---

**2.** The only stated requirement not met by the applicant held to be qualified was the French language, already affirmed by this Court to be impermissible.